## IN THE MATTER OF
## HERMAN A. SPIELMAN, AN ATTORNEY-AT-LAW.

Argued October 31, 1972 and March 6, 1973—Decided April 2, 1973.

*Mr. Frederick C. Vonhof,* argued the cause for Essex County Ethics Committee.

*Mr. Thomas P. Ford, Jr.,* argued the cause for respondent.

PER CURIAM. Three presentments against respondent were filed with this Court by the Essex County Ethics Committee on June 6, October 25 and December 5, 1972, respectively.

The Ethics Committee first inquired into respondent's activities when it received a complaint alleging that he had issued a worthless check in the sum of $2,800, as part payment for the purchase of an automobile. He eventually made the check good, but the Ethics Committee, in the course of its inquiry, had occasion to examine the checkbook, cancelled checks and bank statements relating to the account upon which the worthless check had been drawn. They dis-

covered that the account contained both respondent's personal funds as well as trust monies which were indiscriminately intermingled, that check stub and deposit entries had often not been made, and that there had been many overdrafts and returned items. The Committee concluded that respondent had violated *DR* 9–102(A) as well as *R.* 1:21–6(a), each of which requires a lawyer to deposit all funds of a client in one or more identifiable bank accounts separate and apart from his own funds. The Committee further determined that he had also violated *DR* 9–102(B) (3) and *R.* 1:21–6(b) which mandate that an attorney keep precise and complete records concerning his financial transactions with clients and his handling of clients' money. The first presentment charged the respondent with the commingling of funds and the failure to keep the requisite records. Disposition of the matter was withheld by this Court pending the outcome of already scheduled Committee hearings on additional complaints against respondent which the Committee had received in the meantime.

On October 27, 1972 a second presentment was filed with us and on October 31 respondent was suspended from the practice of law until further order. This second presentment charged that respondent had received the sum of $28,000 on April 12, 1972 from a particular client whom he had represented in the purchase of a home. The money was to be used to satisfy an outstanding mortgage. For a period of about two months respondent neither recorded the deed to his client nor did he pay off the mortgage. Only when compelled by threats and pressure from the client did he do these things; in the meantime he used the monies for his own purposes.

Before any final action could be taken with respect to the first two presentments, a third was filed. Respondent was charged with having embezzled the sum of $20,000 on or about April 17, 1972, from two clients, a husband and wife. Respondent thereupon admitted the truth of the charge under oath and submitted his resignation as an attorney at

law, with prejudice. The Essex County Ethics Committee, with whom we consulted, felt that the resignation should not be accepted but that, instead, respondent should be disbarred. We accept this recommendation entirely. Respondent's conduct was not only grossly and shockingly unethical but, in large part, criminal as well.

The name of Herman A. Spielman will be stricken from the roll of attorneys at law of this State.

*For Disbarment*—Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR, HALL and MOUNTAIN and Judges CONFORD and SULLIVAN—7.