IN THE MATTER OF LOUIS M. TURCO,
AN ATTORNEY AT LAW.

Argued September 24, 1974—Decided November 6, 1974.

*Mr. Frederick C. Vonhof* argued the cause for the Essex County Ethics Committee.

*Mr. Martin S. Goldman* argued the cause for respondent.

PER CURIAM. In April 1973, respondent Louis M. Turco, a member of the bar of this State, was indicted in the United States District Court for the District of New Jersey on 14 counts charging mail fraud, failure to file an income tax return and filing false income tax returns. The mail fraud counts allege, among other things, that respondent willfully and unlawfully devised a scheme and artifice to defraud his own clients by concealing from these clients the true amount of moneys received in settlement of their claims and in furtherance of such scheme caused the signatures of clients to be forged on releases and settlement drafts. Respondent was also charged with submitting false medical reports to insurance carriers reflecting medical treatments which his clients had not received.

On October 9, 1973 respondent retracted his pleas of not guilty and entered pleas of guilty to Count 11 (failure to file a timely federal income tax return for the calendar year 1970) and Count 13 (making and subscribing a false income tax return for the calendar year 1969). In April 1974 respondent received a custodial sentence of one year on Count 11 and a suspended consecutive sentence of three years with five years probation on Count 13. The remaining counts of the indictment were dismissed.

Following respondent's pleas of guilty, this Court, on November 29, 1973, entered an order suspending respondent from the practice of the law pending final disposition of ethics proceedings against him. By letter dated March 14, 1974 respondent submitted his resignation from the bar. Respondent's letter was referred to the Essex County Ethics Committee for consideration and recommendation with respect thereto.

The committee held a formal hearing on the proffered resignation on April 4, 1974, at which respondent appeared and testified under oath. Respondent was examined not only as to the two criminal charges to which he had pleaded guilty, but also as to the other counts charging him with criminal conduct in the practice of the law.

Following the hearing, the committee submitted its report dated June 6, 1974 recommending that respondent's offer to resign be denied. The committee found that, based on respondent's own testimony at the hearing, the scope of wrongdoing far exceeded his pleas of guilty to the two federal income tax counts. The committee found that respondent had on numerous occasions unethically and improperly endorsed clients' settlement checks, cashed such checks at a tavern, disbursed the proceeds to the client in cash, failed to deposit such checks in a proper trustee account as provided by *R.* 1:21-6, cashed settlement checks through an intermediary, and many instances in which clients' funds did not go into and were not disbursed from a trustee account. On July 26, 1974 this Court issued its order to show cause why respondent should not be disbarred or otherwise disciplined.

We are in full agreement with the committee's recommendation. We recognize that under *R.* 1:20-10 a resignation, if accepted, shall be with prejudice and equivalent to disbarment. However, respondent's admitted conduct as an attorney, as shown by his testimony before the committee, is so scandalous as to mandate disbarment by order of this Court. *In re Miller,* 65 *N. J.* 580 (1974); *In re Spielman,* 62 *N. J.* 432 (1973). His name will be stricken from the roll.

*For disbarment*—Chief Justice HUGHES, Justices JACOBS, HALL, SULLIVAN, PASHMAN and CLIFFORD and Judge KOLOVSKY—7.

*Opposed*—None.